# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) | 1:05cv202 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT |
| v. | ) | |
| BARLOCKER INSURANCE AGENCY INC., et al., | ) | (Document 24) |
| Defendants. | ) | |

Defendants Barlocker Insurance Agency, Inc. and William Calvin Barlocker (collectively "Defendants") filed the instant motion to set aside default and vacate default judgment on May 25, 2005. The motion was heard on July 29, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas C. James, Jr., appeared on behalf of Plaintiff Great American Insurance Company ("Plaintiff") and Mark W. Huston appeared on behalf of Defendants.

**BACKGROUND**

Plaintiff filed the instant action against Barlocker Insurance Agency, Inc. ("Agency") and William Calvin Barlocker ("William Barlocker") on February 11, 2005. On February 16, 2005, Plaintiff filed a First Amended Complaint ("FAC") concerning a dispute over an insurance commission sum paid to Defendants by Plaintiff upon the sale of crop insurance by the Agency

to a third party insured.[1]  Plaintiff attempts to recover $76,194.47 in advanced commissions paid to the Agency,[2] and alleges causes of action for breach of contract, unjust enrichment, and complaint on a guaranty.

On March 9, 2005, Plaintiff filed a proof of service showing that Defendants were served with the FAC and summons on February 28, 2005.

On April 13, 2005, Plaintiff filed an application/request for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) for a sum certain.

On April 19, 2005, Defendants filed their answer to the FAC.

On April 21, 2005, Plaintiff supplemented their request for entry of default judgment by filing a request for entry of default.

On April 26, 2005, the Clerk entered default against Defendants.  Also on April 26, 2005, the Clerk entered default judgment against Defendants in the amount of $76,194.47, plus prejudgment and postjudgment interest, attorneys fees in the amount of $6,651.00, and costs.

On May 25, 2005, Defendants filed the instant motion to set aside entry of default and default judgment, arguing that good cause and/or excusable neglect exist.  Plaintiff filed its opposition on July 15, 2005.  Defendants filed their reply on July 22, 2005.

## DISCUSSION

A.   Default After Party's Appearance

Federal Rule of Civil Procedure 55(a) provides that when a party "has failed to plead or otherwise defend," the clerk shall enter the party's default upon the requesting party's proof by affidavit.  Similarly, Rule 55(b)(1) provides that the clerk may enter default judgment for a sum certain "if the defendant has been defaulted for failure to appear. . ."  While the application of these rules is often straightforward, certain factual situations, such as the fact pattern that exists

---

[1] According to the FAC, Plaintiff and the Agency agreed that a commission would not be due if the insured failed to pay the premium to Plaintiff by the premium due date.  FAC, ¶ 14.

[2] The amount actually advanced was $80,685.90.  However, Plaintiff has applied $4,491.43 of amounts owed to the Agency to the $80,685.90 advanced, for a net balance due of $76,194.47.  FAC, ¶ 23.

2

here, warrant examination of the circumstances under which entry of default, and default judgment, is proper.

By their terms, Rule 55(a) and Rule 55(b)(1) apply only to parties who have never appeared in the action. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 927-928 (9th Cir. 1004) Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 689 (9th Cir. 1988); All Media, Inc.v. Mofsen, 1991 WL 237837, *2 (N.D.Ill. 1991). If the party appeared prior to the entry of default, the entry by the clerk is "void *ab initio*." Direct Mail Specialists, Inc., 840 F.2d at 689. "Normally, an appearance in an action involves some presentation or submission to the court . . . [b]ut because judgments by default are disfavored, a court usually will try to find that there has been an appearance by defendant." Franchise Holding II, LLC, 375 F.3d at 927 (citing Direct Mail Specialists, Inc.).

Here, there is no question that Defendants appeared in the action, albeit untimely, *prior* to the Clerk's entry of default and default judgment. A review of the docket reveals that on April 13, 2005, Plaintiff submitted a request for entry of default judgment. Six days later, on April 19, 2005, Defendants filed their answer to the FAC and a certification of interested parties. At the time of Defendants' filings, no action had been taken on Plaintiff's April 13, 2005, request. On April 21, 2005, Plaintiff supplemented its request for entry of default judgment by submitting a request for entry of default. On April 26, 2005, seven days *after* Defendants appeared in the action by filing their FAC, the Clerk entered default and default judgment against Defendants.

As Defendants had already appeared in the action, the Clerk's entry of default and default judgment were inappropriate an should be vacated.

B.  Setting Aside Default/Default Judgment

Even assuming the clerk's entry of default was proper, Defendants have demonstrated good cause to support its request to set aside the default and default judgment.

The district court has "especially broad" discretion in deciding whether to set aside an entry of default. *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000). Rule 55(c) provides that a court may set aside default for "good cause shown." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating

3

a default judgment under Rule 60(b). <u>Franchise Holding II, LLC</u>, 375 F.3d at 925-926; <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis considers three factors: (1) whether Defendants engaged in culpable conduct that led to the default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff. <u>Franchise Holding II, LLC,</u> 375 F.3d at 926. The court may deny the motion if any one of these factors exists. <u>Id.</u>

    1.    *Culpable Conduct*

There is no evidence that Defendants' failure to file a timely answer was the result of anything other than an unfortunate failure to keep track of the location of the FAC and/or an incorrect belief that the matter was being sufficiently handled. Upon receipt of the FAC in the Fresno office of the Agency, Calvin Barlocker immediately forwarded it to the Salinas headquarters for review by his father and CEO, William Barlocker. After a delay in the Salinas office mail room, the FAC made its way to William Barlocker's desk, where it sat, unnoticed, while William Barlocker returned and left again during business travel. These circumstances constitute excusable neglect, as there is no evidence that Defendants' conduct was "willful, deliberate, or evidence[d] ... bad faith." <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696-697 (defendant's conduct is culpable if the defendant receives actual or constructive notice of the filing of the action and *intentionally* failed to file an answer).

    2.    *Meritorious Defense*

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *Knoebber*, 244 F.3d at 696. However, this burden is not "extraordinarily heavy," as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. *Id.* at 700.

Here, Defendants contend that they have a meritorious defense to the FAC. Defendants argue that Plaintiff acted in bad faith by delaying a response to a claim filed under the policy(ies) until after the grace period for premium payment expired. According to Defendants, Plaintiff then denied the claim and refused to pay any benefits under the policy(ies) because no premium had been paid. Defendants also allege that Plaintiff's denial of the claim allowed it to deny

4

payment of Defendants' commission.  The Court finds that Defendants have demonstrated a meritorious defense.

### 3. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entry of default is set aside. *Knoebber*, 244 F.3d at 696.  To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case.  Rather, the standard is whether the plaintiff's ability to pursue his claim will be hindered." *Id.* at 701, *citing Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1994).

In opposition, Plaintiff failed to discuss the issue of prejudice.  At oral argument, Plaintiff explained that it would suffer prejudice because it would be forced to engage in potentially expensive discovery and proceed to trial.  That Plaintiff may now have to engage in the litigation of this action is insufficient to demonstrate prejudice.

The Court finds that the above factors weigh in favor of setting aside the Clerk's entry of default.  Generally, there is a presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).  Accordingly, Defendants' motion to set aside entry of default and default judgment should be GRANTED.

## FINDINGS AND RECOMMENDATION

The Court recommends that Defendants' motion to set aside default and default judgment be GRANTED because the judgment is void.  Alternatively, the Court finds that Defendants have demonstrated good cause.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail)

1  after service of the Objections.  The Court will then review the Magistrate Judge's ruling
2  pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections
3  within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>
4  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

6   **Dated:   August 2, 2005**              **/s/ Dennis L. Beck**
3b142a
7            UNITED STATES MAGISTRATE JUDGE